BAIN *v.* STATE LAND OFFICE BOARD.

1. TAXATION—CHAIN OF TITLE—STATE.
   When the State acquires title to property as a result of tax sale, a new chain of title is started.

2. SAME—SCAVENGER SALE—RIGHT TO MEET HIGHEST BID.
   The right to meet the highest bid at so-called scavenger sale held under the State land office board act is limited to parties

having an interest in the land at the time of the tax sale at which State acquired title (Act No. 155, Pub. Acts 1937, as amended).

3. SAME—SCAVENGER SALE—RIGHT TO MEET HIGHEST BID—OWNER.
Under State land office board act according priority as to rights of an "owner" to party having largest financial investment, holders of fee title to undivided third interest subject to $6,000 mortgage in favor of one defendant was not entitled to deed from State land office board of property sold to such defendant and holders of a two-ninths interest under bid for $1,030, on the property having an assessed valuation of not to exceed $4,120, by matching such bid since plaintiff's interest was less than interest of either defendant (Act No. 155, Pub. Acts 1937, as amended).

4. MORTGAGES—TAXATION—SCAVENGER SALE.
A mortgagor cannot take advantage of his own default, after covenanting to pay taxes, and defeat the mortgage lien by subsequently obtaining title under the so-called scavenger sale held by the State land office board (Act No. 155, Pub. Acts 1937, as amended).

5. TAXATION—TENANCY IN COMMON—OWNER HAVING LARGEST FINANCIAL INTEREST—MATCHING HIGHEST BID.
Plaintiff, fee owner of undivided one-third interest subject to mortgage, was not prejudiced in her efforts to match highest bid by fact that mortgagee pooled his interest with the fee owners of an undivided two-ninths interest in same property in making highest bid at so-called scavenger sale of the property under State land office board act where the financial interest of each of the parties pooling their interest was greater than that of plaintiff (Act No. 155, Pub. Acts 1937, as amended).

Appeal from Oakland; Holland (H. Russel), J. Submitted October 13, 1942. (Docket No. 84, Calendar No. 42,156.) Decided December 23, 1942.

Bill by Hattie Bain and Will H. Bain against State Land Office Board and Robert D. Heitsch, Carl Pelton, and Clinton McGee to compel execution of deed to plaintiffs and for injunctive relief. Decree for defendants. Plaintiffs appeal. Affirmed.

*John H. Dohrman,* for plaintiffs.

*Herbert J. Rushton,* Attorney General, and *Peter J. Bradt,* Assistant Attorney General, for defendant State Land Office Board.

*Robert D. Heitsch* and *Pelton & McGee, in pro per.*

SHARPE, J. This suit involves the question of who is entitled to a deed of certain premises from the State land office board.

The facts are as follows: Fred Getz, a resident of Oakland county, died in August, 1902. He was survived by a widow, Eta Getz, and three children, Henry Getz, George Getz, and Hattie Getz, now Hattie Bain. In June, 1902, Fred Getz deeded his real estate to his daughter, Hattie, reserving to Eta Getz a life use in the same.

In 1926, the two sons brought suit in the circuit court of Oakland county to have the deed set aside. Eta Getz died while proceedings were pending. As a result of this suit the deed was set aside and a decree entered placing the property in the names of the three above-mentioned children as tenants in common. The decree was affirmed upon appeal to this court. See *Gatz (Getz)* v. *Bain,* 244 Mich. 536.

Robert D. Heitsch, Carl Pelton and Clinton McGee, defendants in the present suit, were the attorneys in the case above mentioned. In order to secure his fee, Robert D. Heitsch took a mortgage of $6,000 from Hattie Bain on her undivided one-third interest in the real estate involved. Carl H. Pelton and Clinton McGee, the other attorneys, received from George and Henry Getz a one-third interest of their two-thirds interest in the farm. Taxes

on the land in question were allowed to become delinquent over a number of years and resulted in the sale of the property to the State of Michigan. The State of Michigan obtained title to the land in November, 1939, and the same was placed on sale by virtue of the authority of Act No. 155, Pub. Acts 1937, as amended (see Comp. Laws Supp. 1940, § 3723–1 *et seq.,* Stat. Ann. 1940 Cum. Supp. § 7.951 *et seq.*). The land was sold in two separate parcels. At the sale, Heitsch, Pelton, and McGee combined their interests in the lands and bid in both parcels of property for the sum of $1,030.

In March, 1940, Hattie (Getz) Bain and her husband claiming to be the "owner" offered to meet the highest bids. The State land office board issued them certificates subject to the provisions of the above-mentioned act as amended. On June 21, 1940, the State land office board made a determination that Heitsch, Pelton and McGee were the "owner" having the largest financial interest in the property. On June 29, 1940, plaintiffs, Hattie Bain and Will H. Bain, filed a bill of complaint in the chancery court of Oakland county to restrain the State land office board from conveying the property to defendants and to require the State land office board to execute a deed to plaintiffs in accordance with their "offer of owner to meet highest bid and application for land contract."

After hearing, the trial court found as a fact that plaintiffs' financial interest in the property was less than either the interest of Robert D. Heitsch or the interest of Pelton & McGee; and that the defendants Robert D. Heitsch and Pelton & McGee were entitled to a land contract or deed from the State land office board.

A decree was entered which contains the following provisions:

"It is further ordered, adjudged and decreed that Robert D. Heitsch has purchased an undivided one-third interest in the above-described property in behalf of Hattie Bain and as trustee for her, and that the one-third of the total bid contributed by said Robert D. Heitsch be added to the amount secured by the mortgage which he holds from said Hattie Bain on a one-third interest in said premises, which mortgage is decreed to be in full force and effect.

"It is further ordered, adjudged and decreed that the attempt of Hattie Bain to match the bid made at the land office board sale by Pelton & McGee and Robert D. Heitsch has not in any way increased her interest in said premises or affected said bid, and that the true interests of said parties are as herein stated in this decree."

Plaintiffs appeal and contend that Robert D. Heitsch as mortgagee cannot defeat the right of plaintiffs, as holder of the fee, to match the bid of the mortgagee.

When the State of Michigan acquired title to the property as a result of the tax sale, a new chain of title was started. *Krench* v. *State of Michigan,* 277 Mich. 168; *Rathbun* v. *State of Michigan,* 284 Mich. 521. The right to meet the highest bid pursuant to Act No. 155, Pub. Acts 1937, as amended, is limited to parties having an interest in the land at the time of the tax sale. *National Bank of Detroit* v. *State Land Office Board,* 300 Mich. 240; *Meltzer* v. *State Land Office Board,* 301 Mich. 541.

Section 5 of Act No. 155, Pub. Acts 1937, as amended by Act No. 244, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 3723-5, Stat. Ann. 1940 Cum. Supp. § 7.955), applies here and provides that:

"The term 'owner' as used in this act shall mean the owner in fee, mortgagee, land contract vendee, or one having a substantial interest by way of actual investment in the property, priority to be given the

one having the largest financial investment in the property.''

In determining who has the largest financial interest in the property we have in mind that both parcels of land were bid in for the sum of $1,030. We, therefore, conclude that the assessed valuation of the property did not exceed $4,120 and plaintiffs' undivided one-third interest would not exceed $1,373.34, which was subject to defendant Heitsch's mortgage in the sum of $6,000 and accumulated interest of approximately $4,000. The interest of Pelton & McGee was an undivided two-ninths interest in the property. We are in accord with the trial court's finding that plaintiffs' financial interest was less than either the interest of Heitsch or the interest of Pelton & McGee.

Plaintiffs rely upon *Jacobsen v. Nieboer,* 299 Mich. 116, as authority for the principle that a mortgagee cannot defeat the right of a holder of the fee to match the mortgagee's bid. The decision in that case is based on the principle that a mortgagor cannot take advantage of his own default, after covenanting to pay taxes, and defeat the mortgage lien by subsequently obtaining title under the scavenger act. Plaintiffs can get no comfort from the *Jacobsen Case,* as they are trying to do what we expressly said could not be done in that case. Nor is it of any moment that Heitsch together with Pelton & McGee pooled their interests in making the bid, as the separate interest of Heitsch or Pelton & McGee clearly exceeded the interest of plaintiffs.

The decree filed in this case is more favorable to plaintiffs than they are entitled to; but inasmuch as defendants have not appealed, the decree is affirmed, with costs to defendants.

CHANDLER, C. J., and BOYLES, NORTH, STARR, WIEST, BUTZEL, and BUSHNELL, JJ., concurred.